NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CESAR ARTURO TURBIN-SALDANA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1848

Agency No.
A208-759-941

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023**

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Cesar Arturo Turbin-Saldana, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Turbin-Saldana did not establish that the government of El Salvador was or is unable or unwilling to control the agents of any past or feared persecution. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (record did not compel finding that government was unwilling or unable to control the feared harm). Thus, Turbin-Saldana's asylum and withholding of removal claims fail.

In light of this disposition, we need not reach Turbin-Saldana's remaining contentions regarding his proposed particular social groups or nexus. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT protection because Turbin-Saldana failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**